IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       vs.<br><br>$48,100.00 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | 8:10CV110<br><br>MEMORANDUM AND ORDER |

Claimant John R. Nelson filed a Motion for Taxation of Costs, Attorney Fees and Interest, (Filing No. 77).  For the reasons set forth below, the motion will be granted in part and denied in part.

BACKGROUND

The Defendant currency in this case was seized from Claimant John R. Nelson by law enforcement officials following a traffic stop on October 19, 2009.  The United States initiated civil forfeiture proceedings alleging the currency was used to facilitate the transportation, sale, receipt, possession, concealment, or distribution of a controlled substance. (Filing No. 1). Claimant Nelson filed a claim asserting ownership of the Defendant currency.  (Filing No. 10).

The matter was tried before the undersigned Magistrate on August 20, 2012.  The court denied Nelson's claim and ordered the forfeiture of the property. (Filing No. 62).  Claimant Nelson filed an appeal with the Eighth Circuit Court of Appeals. (Filing No. 67).  The decision of this court was reversed and remanded back to the District Court with instructions to dismiss the forfeiture action. (Filing No. 72).   The undersigned entered an Order and Judgment dismissing the action and ordered that the Defendant currency be returned to Claimant Nelson. (Filing No. 76)

Nelson filed the motion now before the court seeking payment of costs, reasonable attorney fees and expenses, and interest. The United States has not responded and the deadline for doing so has now passed. See NECivR 7.1(b)(1)(B).

## ANALYSIS

Under 28 U.S.C. 2465(b)(1) a claimant who "substantially prevails" in a forfeiture proceeding is entitled to:

(A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;

(B) post-judgment interest, as set forth in section 1961 of this title; and

(C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale –

(i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and

(ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

In this case, Nelson asserts he is entitled to attorney's fees and expenses, costs, and interest because he not only "substantially prevailed" – he was wholly successful on the merits of the case. The United States has not argued to the contrary and the court finds Claimant is entitled to the requested relief as set forth below.

1.     **Attorney's fees and expenses**

Although the Eighth Circuit has not adopted a specific method for calculating attorney's fees for cases brought pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), court's generally apply the "lodestar" method in fee-shifting cases. See, e.g., Little Rock School District v. State of Arkansas, 674 F.3d 990 (8th Cir. 2012)(applying a lodestar calculation under 42 U.S.C. § 1988); In re Apex Oil Co., 960 F.2d 728, 731 (8th Cir. 1992)(stating the formula used in calculating attorney's fees in fee-shifting cases is the "lodestar amount." The court sees no reason to deviate from this method when calculating attorney fees under CAFRA. See $186,416.00 in U.S. Currency, 642 F.3d 753 (9th Cir. 2011); United States v. One Star Class Sloop Sailboat built in 1930 with hull no. 721, named "Flash II," 546 F.3d 26, 37-8 (1st Cir. 2008).

In this case, the Claimant paid his attorney a total of $13,959.37 based on a reduced fee agreement. However, the court is not limited to an award of the fees actually paid. Rather, where a fee agreement calls for a less than reasonable fee, the prevailing party will be entitled to an amount representing the actual time and effort expended by his or her attorney. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989). In short, a fee agreement is not a cap on the amount of attorney fees that may be awarded in fee-shifting cases. Little Rock School District, 674 F.3d at 995-96.

The court has reviewed the billing statements and other evidence submitted by the Claimant and finds the time expended by the attorney – 125.1 hours – to be reasonable. However, the requested billing rate of $375 exceeds what is customary in this district. See Hanig v. Lee, 411 F.3d 822, 825 (8th Cir. 2005)(upholding the district court's reduction of attorney's fees that it found to be excessive for the district). Accordingly, the court will reduce the rate to $275 an hour. As such, the Claimant is entitled to $34,402.50 in attorney's fees and an additional $2,202.48 in non-taxable expenses. For a total of $36,604.98 in attorney's fees and expenses.

**2.     Taxable Costs**

The court has reviewed the Bill of Costs and supporting evidence and finds, pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Claimant is entitled to the requested $1,633.18 in taxable costs.

**3**.    **Interest**

Pursuant to 28 U.S.C. § 2465(b)(1)(c) the Claimant is entitled to interest on the amount of currency the United States seized. The Claimant has calculated the interest amount due using the methodology set forth in 28 U.S.C. § 2465(b)(1)(c)(ii). The United States has not objected to this calculation, and the court finds the amount of interest requested is both reasonable and consistent with the law. Accordingly, the Claimant is entitled to $1,283.82 in interest.

Based on the foregoing,

IT IS ORDERED,

1) Claimant's motion is granted in its entirely with the exception of the hourly rate requested for attorney's fees. The requested hourly rate has been reduced from $375 to $275.

2) The United States shall pay the Claimant $39,521.98 representing attorney's fees, non-taxable expenses, taxable costs, and interest. This amount shall be included in the judgment.

October 10, 2014

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge